Filed 6/24/24  P. v. Juarez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FRANK JUAREZ, Defendant and Appellant. | F086959 (Super. Ct. No. CF92461258) OPINION |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, Christina Simpson, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

In 1992, appellant Frank Juarez was convicted by jury of first degree murder (Pen. Code,[1] § 187) and kidnapping (§ 207, subd. (a)). In addition, the jury found true a special circumstance which alleged that the murder had occurred during the course of a kidnapping (§ 190.2, subd. (a)(17)). Juarez was sentenced to a prison term of life without the possibility of parole.

In 2021, Juarez filed a petition for resentencing under former section 1170.95, now section 1172.6.[2] The trial court denied Juarez's petition, reasoning that the record demonstrated that Juarez was likely the actual killer, but at a minimum, was a major participant in the underlying felony who had acted with reckless indifference to human life. This court affirmed the trial court's order in an unpublished opinion, while further observing that Juarez's petition was facially deficient. (See *People v. Juarez* (Mar. 23, 2022, F083314) [nonpub. opn.], at p. 3.)

The matter was remanded back to this court for reconsideration following our Supreme Court's decision in *People v. Strong* (2022) 13 Cal.5th 698. We vacated our prior decision with the following directions on remand: "following the filing of an amended petition by Juarez …, the trial court is directed to appoint counsel to Juarez, to issue an order to show cause, and to conduct further proceedings consistent with section 1172.6." (*People v. Juarez* (Mar. 14, 2023, F083314) [nonpub. opn.] at p. 12.)

On June 1, 2023, Juarez filed an amended petition for resentencing under section 1172.6.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) We refer to the statute by its current designation throughout the remainder of this opinion for the sake of consistency.

2.

On August 23, 2023, the superior court issued a written ruling denying Juarez's petition. The court explained that the amended petition failed to cure deficiencies identified in the remittitur.

On appeal, Juarez contends that the superior court erred by denying his amended section 1172.6 petition based upon a technical defect. The Attorney General concedes error, and we agree as well. We will reverse the superior court's order denying Juarez's petition and remand the matter back to the lower court for further proceedings consistent with section 1172.6, including, the appointment of counsel and the issuance of an order to show cause.

## STATEMENT OF FACTS

### *The Underlying Offense*

The following statement of facts is derived from this court's unpublished opinion in *People v. Juarez, supra*, F083314, at page 4:

> "Following an altercation at a bar the previous night, Juarez struck Timothy Sweeney's face with his fist. Juarez and Ronald Hajnal then placed Sweeney, who was semi-conscious, in the back of Hajnal's van. They drove Sweeney to an isolated area, pulled him out of the vehicle, and beat him. Juarez used a metal jack handle during the attack, and one of the men used a knife. After the attack, Sweeney's body was dragged into an orange grove.

> "Six days later, Sweeney's body was discovered. The word 'puto' was carved onto Sweeney's upper shoulder blade.

> "At trial, the forensic pathologist testified about his findings from the autopsy on Sweeney's body. The pathologist concluded that no single injury had caused Sweeney's death. Rather, each injury had been a contributing factor."

### *Juarez's Original Petition for Resentencing*

Juarez's original petition for resentencing reflected the following, in relevant part:

"  XX  5. (If applicable) I was convicted of 1st degree felony
murder and could not now be convicted because of
changes to Penal Code § 189, effective January 1, 2019,
for the following reasons (all must apply):

        "  x  I was not the actual killer.

        "  x  I did not, with the intent to kill, aid, abet, counsel,
        command, induce, solicit, request, or assist the actual
        killer in the commission of murder in the first degree.

        "____The victim of the murder was not a peace officer in
        the performance of his or her duties, or I was not aware
        that the victim was a peace officer in the performance of
        his or her duties and the circumstances were such that I
        should not reasonably have been aware that the victim
        was a peace officer in the performance of his or her
        duties.

"____ 6. (If applicable) I was convicted of 2nd degree
murder under the natural and probable consequences
doctrine or under the 2nd degree felony murder doctrine
and I could not now be convicted of murder because of
changes to Penal Code § 188, effective January 1, 2019.

"____ 7. (If applicable) There has been a prior
determination by a court or jury that I was not a major
participant and/or did not act with reckless indifference
to human life under Penal Code § 190.2(d). Therefore, I
am entitled to be re-sentenced to § 1170.95(d)(2)."

Juarez checked box 5, representing that he "was not the actual killer," and that he

"did not, with the intent to kill, aid, abet … the actual killer in the commission of

murder."

In our prior decision dated March 14, 2023, this court observed:

        "In our original opinion affirming the trial court's order, we observed that
Juarez's petition failed to explicitly assert that he was not a major participant in
the commission of the underlying offense that had acted with reckless indifference
to human life.  Nor does the petition allege that the victim of the murder was not a

4.

peace officer in the performance of his or her duties.  Consequently, we concluded that Juarez's petition was not facially sufficient." (*People v. Juarez*, *supra*, F083314, at p. 9.)

Based upon these deficiencies, we instructed the trial court to appoint counsel to represent Juarez and to issue an order to show cause following the filing of an amended petition by Juarez.

### *Juarez's Amended Petition for Resentencing*

Following remand, Juarez completed an amended pretyped petition for resentencing, wherein he represented the following:

> "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  (Pen. Code, § 1172.6, subd. (a)(1).)
>
> "2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder.  (Pen. Code, § 1172.6, subd. (a)(2).)
>
> "3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019.  (Pen. Code, § 1172.6, subd. (a)(3).)"

The remainder of Juarez's petition contained all required averments under section 1172.6.  Juarez included his original case number, he requested the appointment of counsel to represent him, and he served a copy of his petition upon the Fresno County District Attorney and Public Defender's Offices.

*The Trial Court's Order Denying Juarez's Amended Petition*

In an order dated August 23, 2023, the superior court denied Juarez's amended petition without prejudice, finding that "the amended petition fails to cure the deficiencies identified in the remittitur. (See *People v. Juarez* (May 15, 2023), F083314 [nonpub. opn. at p. 5, fn. 5].)"

## DISCUSSION

**I.    The Trial Court Erred by Denying Juarez's Amended Petition for Resentencing Based Upon Perceived Deficiencies in the Petition**

Juarez contends that the trial court erred by concluding that his amended petition for resentencing was deficient. The Attorney General agrees, as do we.

The fact that Juarez generally averred that "[he] could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019" did not render his petition facially deficient. We presume, from this statement, that Juarez claims: (1) he was not the actual killer; (2) he did not act as an aider and abettor with the intent to kill; (3) he did not act as a major participant in the underlying felony with reckless indifference to human life; and (4) that he is not otherwise ineligible for relief because the victim was a peace officer acting in the performance of his or her duties. (See § 189, subds. (e)(1)-(3) & (f).) We could not draw such a presumption from Juarez's original petition because the form was both defective and incomplete.[3]

In his amended petition, Juarez requested the appointment of counsel. We will remand the matter back to the lower court for the appointment of counsel and the issuance of an order to show cause.

---

[3] Juarez never represented that he did not act as a major participant in the underlying felony who had acted with reckless indifference to human life. His original typewritten petition did not contain a section which would have allowed him to make such a representation. Further, although his original petition did allow him to claim that the victim was not a peace officer, Juarez declined to check this box.

6.

## DISPOSITION

The trial court's August 23, 2023 order denying Juarez's petition for resentencing is reversed. The matter is remanded back to the lower court for further proceedings consistent with section 1172.6, including, the appointment of counsel and the issuance of an order to show cause.